IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROBERT M. MAKSYMOWSKI, CINDY MAKSYMOWSKI, RONALD MASKSYMOSKI and ROBERT D. MAKSYMOWSKI,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>NAVIENT SOLUTIONS, INC. f/k/a Sallie Mae,<br><br>　　　　Defendant. | Case No.: 5:15-cv-14368-JCO-EAS<br><br>District Judge John O'Meara<br><br>Magistrate Elizabeth Stafford |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

Plaintiffs, ROBERT M. MAKSYMOWSKI, CINDY MAKSYMOWSKI, RONALD MASKSYMOSKI and ROBERT D. MAKSYMOWSKI (collectively "Plaintiffs"), through their attorneys, hereby respond in opposition to the Motion to Stay Proceedings of Defendant, NAVIENT SOLUTIONS, INC. (hereinafter "Defendant"). In support thereof, the parties state as follows:

**I.     INTRODUCTION**

Defendant Navient Solutions, Inc. has moved to stay this proceeding, incorrectly contending that this matter should be stayed pending the decision of *ACA International et al., v. Federal Communications Commission,* Case No. 15-1211 (D.C. Cir., filed July 10, 2015). Defendant fails to not only acknowledge that several district courts deciding matters involving the Telephone Consumer Protection Act have denied similar requests to stay based on this appeal before the D.C. Circuit, but also that a ruling in Defendant's favor regarding the issue of capacity is extremely unlikely based on the standard of review placed on the current appeal. Further, regardless of the D.C. Circuit's final position in *ACA Int'l* regarding an autodialer, the parties will still need to conduct discovery regarding Defendant's calling platform. Therefore, Defendant's assertion that

1

staying this matter until a ruling has been entered is not a proper showing of good cause for such a postponement because not only does this outcome likely favor Plaintiff, but Defendant admits that a decision by the D.C. Circuit will likely not even be finalized for a number of months.

## II.     STANDARD OF REVIEW

Plaintiff acknowledges that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cause on its docket." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  However, a "party seeking a stay must demonstrate a pressing need for one … and that the need for a stay outweighs any possible harm to the nonmovant." *CSX Transp., Inc. v. Alban Waste, LLC*, Civil Action Nos. JKB-13-1770, JKB-14-137, 2014 WL 1340041, at *2 (D. Md. April 2, 2014) (internal citations omitted).  The court considers three factors in weighing a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Id.* (*quoting Davis v. Biomet Orthopedics, LLC*, Civ. No. JKB-12-3738, 2013 WL 682906 (D. Md. Feb. 22, 2013)).

## III.    ARGUMENT

Defendant in this matter has failed to show that a stay is warranted in light of the interests of judicial economy for the postponement that it is seeking.  In addition, Defendant assumes a stay is necessary based on their assumption that such drastic shifts in important issues of law will occur, amounting to a complete defense on behalf of Defendant.  This assertion is unfounded considering that, regardless of the D.C. Circuit's decision in *ACA Int'l*, the parties will still need to conduct discovery regarding Defendant's calling equipment and other important factual matters pertaining to Plaintiff's allegations.

**A.     Staying this Case Will Not Simplify the Matter as Several Legal Issues Are In Question.**

Defendant incorrectly contends that this matter should be stayed pending the outcome of *ACA Int'l* because of the remote possibility that the result would change what type of equipment will be considered an "autodialer."  Defendant's contention that a change in the law is imminent is unfounded for two reasons.  First, Defendant is suggesting that the D.C. Circuit will overturn their long-standing position on an autodialer that has been reaffirmed since 2003.  *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014 ¶¶ 132 (July 3, 2003) ("in order to be considered an automatic telephone dialing system, the equipment need only have the capacity to store or produce telephone numbers"), which the FCC confirmed in 2008, *see In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, ¶ 12 (Jan. 4, 2008) (rejecting arguments that equipment is an ATDS "only when it randomly or sequentially generates telephone numbers, not when it dials numbers from customer telephone lists"), and which the FCC further clarified in 2015. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72, ¶ 10 (adopted June 18, 2015 and released July 10, 2015) ("We reaffirm our previous statements that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of autodialer") even if it is not presently used for that purpose, including when the caller is calling a set list of consumers.").

 Defendant argues that the FCC's definition of capacity "may be in peril," however, regardless of how the D.C. Circuit comes down on the definition of an autodialer, the parties will still need to complete discovery on this issue, hire an expert to determine whether or not the platform used by Defendant was an autodialer, and then the Court will still need to make a decision based on their

perception of the law as it stands at that point in time. The FCC has not changed the law on the use of an ATDS, and not only does the Defendant ask this court to ignore **settled** law on the issue of what constitutes an ATDS, but it does not present any facts to support that its system fails to meet any definition of an ATDS. Conversely, Defendant argues in pure speculation that the D.C. Circuit will in some way change the definition of an ATDS. This is quite a gargantuan assumption on behalf of Defendant to assume that the appellants in *ACA Int'l* will not only defeat the highly deferential standard of review, but also that the D.C. Circuit will decide on an entirely new and particularized definition of an automatic telephone dialing system that will result in their favor.

Defendant asserts that some courts have stayed actions based on the pending *ACA Int'l* appeal, citing *Kolloukian v. Uber Tech., Inc.*, No. CV 15–2856–PSG–JEM, 2015 U.S. Dist. LEXIS 174005, at *1 (C.D. Cal. Dec. 14, 2015). However, this court stayed this matter back in December of 2015, more than a year ago. The court reasoned, in *Kolloukian,* that the stay was warranted pending both the decisions in *Spokeo v. Robins, 135 S. Ct. 1892, 191 L. Ed. 2d 762 (2015)* and *ACA Int'l,* citing that a stay would simplify "the issues in question." *Kolloukian v. Uber Techs., Inc.*, No. CV 15-2856-PSG-JEM, 2015 U.S. Dist. LEXIS 174005, at *2 (C.D. Cal. Dec. 14, 2015) Plaintiffs have argued, *supra*, that a stay will not in fact simplify the issues in question. The same can be said for Defendant's use of *Acton,* decided over a year ago, which was stayed for the same reasons that Plaintiffs assert do not warrant a stay in this matter. *Acton v. Intellectual Capital Mgmt.*, No. 15-CV-4004(JS)(ARL), 2015 U.S. Dist. LEXIS 172149 (E.D.N.Y. Dec. 28, 2015).

More recently, in *Jones v. Ad Adstra Recovery Servs.,* No. 16-1013-JTM-GEB, 2016 U.S. Dist. LEXIS 73561 (D. Kan. June 6, 2016), the District Court for the District of Kansas discussed that even "despite the D.C. Circuit's eventual ruling, it will still be necessary for the parties to obtain discovery on the facts of [their] case. For example, fact discovery on the issues of whether an ATDS

was used, identity and phone numbers of the called parties and whether they provided their consent, and the number of received called [sic] will still be necessary." *Id.* at 16. This court recognized, despite the ruling in *ACA Int'l*, that liability of the defendant would not be eviscerated should the Circuit Court decide either way; fact discovery will still be necessary to determine the outstanding issues, and the same goes for Plaintiff's claims at issue here.

The District Court of Colorado discussed the importance of making a "particularized determination based on the facts before them" in deciding that Defendant's Motion to Stay Proceedings should be denied in *Rivera v. Exeter Fin. Corp.,* Civil Action No. 15-cv-01057-PAB-MEH, 2016 U.S. Dist. LEXIS 11505 (D. Colo. Feb. 1, 2016). There, the court assessed possible adverse consequences of staying the case, such as "a decrease in evidentiary quality and party/witness availability," and that the case was "already over eight months old." *Id.*

Plaintiffs' claims, if stayed, would be adversely affected in this same manner. Plaintiffs originally filed their case against Navient in the Central District of California on February 12th, 2016. Plaintiff's case was stayed in the Eastern District of Michigan on December 2nd, 2015, which has since been pending for over a year. The parties have conducted discovery, the remainder of which has been delayed by Defendant. If the matter is stayed until sometime in 2017 to allow for a possible and very unlikely change in the law, it is extremely likely that Plaintiffs will not reach any type of resolution in their case for well two years after the Plaintiffs initially filed this matter. Plaintiffs' concerns are that any stay granted by the Court in this matter will lead to another request of a stay by Defendant when the D.C. Circuit still has yet to issue a decision in *ACA Int'l.*. The prejudice to them would be substantial if Plaintiffs were to lose any important evidence in the form of phone records, witnesses, etc. to substantiate their claims.

Other courts have also rejected requests for stays pending the *ACA Int'l* appeal, including the

Eastern District of Virginia, which articulated numerous reasons for doing so in *Hooker v. Sirius XM Radio, Inc.* No. 4:13-cv-00003, Dkt. 136 at 6-7 (E.D. Va. Sept, 25, 2015):

> The "interests of judicial economy" do not favor a stay in this case solely because Defendant is challenging an FCC order that may later prove persuasive in this case. Defendant has not demonstrated "hardship and equity" if the action is not stayed.  There is no evidence that the D.C. Circuit will issue a ruling on the FCC July 2015 Order that sufficiently addresses the specific issue relevant in this case.  There is also no evidence or compelling argument that such a ruling would apply retroactively to Defendant's conduct.  Defendant asserts that not granting a stay would cause a "waste of time," but the Court concludes that granting the stay would likely be a greater waste of time.  *Cf. Whitev. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D.W.Va2013) (holding that "interests of judicial economy did not weigh in favor of granting a stay, to await a Supreme Court decision on mootness in the context of collective actions under the Fair Labor Standards Act(FLSA)").  The Court also concludes that the disruption in the delay and the prejudice to Plaintiff would be great.  Due to the heightened speculative nature of Defendant's assertion regarding a possible ruling in its favor from the D.C. Circuit, the number of issues presented to the D.C. Circuit, and the number of defendants involved with the FCC July 2015 Order, it could take a significant amount of time before the D.C. Circuit issues a ruling on the FCC July 2015 Order. The prejudice to Plaintiff would be great.

*Id.  See also Rodriguez v. DFS Servs., LLC*, No. 8:15-CV-2601-T-30TBM, 2016 WL 369052, at *3 (M.D. Fla. Feb. 1, 2016) ("The appeal before the D.C. Circuit, however, does not warrant a stay."); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) ("For the foregoing reasons, the Court denies Uber's Motion to Stay [pending the appeal in *ACA Int'l*]"); *Nussbaum v. Diversified Consultants, Inc.*, No. CIV. 15-600, 2015 WL 5707147, at *3 (D.N.J. Sept. 28, 2015) ("Defendant has not shown that the circumstances justify granting the extraordinary remedy of a stay] pending the appeal in *ACA Int'l*].  Therefore, Defendant's motion will be denied."); *Sliwa v. Bright House Networks, LLC*, No. 2:16-cv-235-FtM-29MRM, 2016 U.S. Dist. LEXIS 93852 (M.D. Fla. July 19, 2016)(" Because this Court is required to treat the FCC's

Final Order with deference and may not entertain arguments challenging its correctness, and because the D.C. Circuit's decision - when reached - will not require immediate dismissal of Plaintiff's TCPA claim, the Court finds an indefinite stay of this case unwarranted.); *Schwyhart v. Amsher Collection Servs.*, 182 F. Supp. 3d 1239 (N.D. Ala. 2016)("there is always the possibility that the D.C. Circuit's decision will be appealed to the Supreme Court, adding a further layer of indefinite—and perhaps lengthy—delay were a stay to be granted here."). For the aforementioned reasons, Defendant's Motion to Stay Arbitration should also be denied.

### B. Defendant's Motion to Stay Incorrectly Speculates As to the Inequity of a Stay Being Denied.

Defendant asserts that the ACA appeal may have a "dipositive effect" on this matter, however this is untrue should the D.C. Circuit decide in Plaintiff's favor, **as the law currently stands**. As Plaintiffs contend that they validly and orally revoked any consent to be contacted on their individual cell phones by Defendant. In addition to this, Plaintiffs intend to prove that Defendant used a dialing system that has fallen into and will *continue* to fall into the category of an "autodialer" as previously and currently defined by the FCC. Defendant claims that a stay will save significant resources, however the briefing schedule for the instant Motion to Stay at hand has costed both parties extra resources and expended time that will have been a complete waste in the event that 1) this Court denies Defendant's Motion to Stay, or; 2) the D.C. Circuit rules in Plaintiffs' favor, and their redress against Defendant has been delayed an insurmountable amount of time.

### IV. CONCLUSION

Defendant's assertion that the D.C. Circuit will invalidate the July 2015 TCPA Ruling is purely speculative. Rather, the standard of review placed on this appeal appears to be in Plaintiff's favor based on prior rulings by the FCC dating back to 2003. In addition to this, courts across the

7

country are denying motions to stay cases pending the *ACA Int'l* appeal.  Further, staying this matter will prejudice Plaintiffs in a way that does not serve the interests of judicial economy as their will suffer irreparable harm to their claims due to not only a decrease in evidentiary quality. Additionally, they should not be prevented from litigating their claims when they have already waited over a year since the initial filing of their complaint.  For the reasons stated above, Plaintiffs request that Defendant's Motion to Stay Proceedings be denied.

Respectfully submitted,

Dated: December 29, 2016

/s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602
Telephone:  312-578-9428
Telefax:  866-861-1390
ahill@consumerlawcenter.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE BY MAIL**

I hereby certify that on December 29, 2016, a true and correct copy of the foregoing was filed with the Clerk of Court via the following Court's CM/ECF filing system with electronic service on all parties of record.

/s/ Adam T. Hill
Adam T. Hill