UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT M. MAKSYMOWSKI, *et al.*,

    Plaintiffs,

v.

NAVIENT SOLUTIONS, INC.,
f/k/a Sallie Mae,

    Defendant.
_____/

Case No. 15-14368

Hon. John Corbett O'Meara

**ORDER GRANTING DEFENDANT'S
MOTION TO STAY PROCEEDINGS**

Before the court is Defendant's motion to stay proceedings, filed December 21, 2016, and which has been fully briefed. In their complaint, Plaintiffs allege that Defendant violated the Telephone Consumer Protection Act ("TCPA") by using an automatic telephone dialing system to call their cell phones without their consent. Defendant requests a stay of this proceeding until the United States Court of Appeals for the District of Columbia renders a decision in <u>ACA In'l v. Federal Communications Comm'n</u>, No. 15-1211 (D.C. Cir. 2015). In that case, the petitioners are challenging a ruling by the FCC regarding the definition of an automatic telephone dialing system under the TCPA. Defendants argue that the D.C. Circuit's decision may be dispositive here.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). See also Federal Trade Comm'n v. E.M.A. Nationwide, Inc., 767 F.3d 611, 627 (6th Cir. 2014) (noting stay order is within the sound discretion of the district court). In making its determination, the court weighs: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." Michael v. Ghee, 325 F.Supp. 2d 829, 831 (N.D. Ohio 2004) (citing Landis, 299 U.S. at 255).

Here, the D.C. Circuit's decision in ACA Int'l may be dispositive and will, at minimum, provide guidance to the parties and court regarding the definition of an autodialer under the TCPA. See Jones v. Credit Acceptance Corp., 2016 WL 7320919 (E.D. Mich. Oct. 31, 2016) (granting stay pending ACA Int'l decision). A stay pending the D.C. Circuit's decision will serve to conserve the resources of the parties and the court while avoiding the wasted effort that may be involved in proceeding under an uncertain legal framework. Plaintiffs have not articulated any concrete prejudice they might suffer if these proceedings were stayed at this stage.

Moreover, given that the D.C. Circuit heard oral argument in October 2016, the court anticipates that a stay would be relatively brief, ameliorating any prejudice to Plaintiff.  See Jones, 2016 WL 7320919 at *3 ("In light of the uncertainty surrounding the proper interpretation of the TCPA and the lack of demonstrated prejudice to Jones, the interest of judicial economy warrants a stay.").

For these reasons, IT IS HEREBY ORDERED that Defendant's motion to stay proceedings is GRANTED.  The parties shall inform the court immediately of the D.C. Circuit's ruling in ACA Int'l v. Federal Communications Comm'n.

                                              s/John Corbett O'Meara  
                                              United States District Judge

Date:  January 12, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 12, 2017, using the ECF system.

                                              s/William Barkholz  
                                              Case Manager